ELLIS, Judge.
This litigation was instituted by Charles H. Hebert Co., Inc., against Royal Insurance Company to recover under Item 2 of a certain fire insurance policy issued by the •defendant to the plaintiff on March 13, 1960. Item 2 of that policy provides $2,000.00 of insurance “on store and office furniture, fixtures and equipment while contained in the above described building.”
The loss occurred June 29, 1960 and was the subject of litigation in an earlier suit decided by this court entitled Charles H. Hebert Co., Inc. v. Aetna Casualty and Surety Company, et al., which is fully reported in La.App., 148 So.2d 129. In that case we held in effect that although the Hebert complex of retail stores fronting on Scenic Highway, Weller Avenue and Pow-hattan Street was to be treated as a single building for purposes of insurance, that certain policies issued on the stock of merchandise contained in that building were, by their terms, limited to the particular stock contained in the particular sections of the complex. In reaching that conclusion this court was interpreting the language contained in the policies as follows:
“All stock, consisting principally of general merchandise and other articles not more hazardous while contained in the one story, composition roof, brick building, occupied as General Merchandise Store, situated numbers 3926-36 E/S Scenic Highway (Rated 3910-46), Baton Rouge, Louisiana (252). Map Sheet 203, Blk. 5.”
The decision in that case has long been final.
The case now before this court was submitted to the lower court for decision on the policy itself and on stipulations by counsel that the court, in reaching its decision, should consider all of the evidence in the case of Charles H. Hebert Co., Inc. v. Aetna Casualty and Surety Co., et al., and that, if the court should resolve coverage in favor of the plaintiff, the amount of damage would be in excess of the $2,000.00 limit provided by the policy.
The trial judge rendered judgment against the plaintiff dismissing its suit with costs and the plaintiff has appealed, citing as error that the lower court construed the language of The Royal Insurance Company *179 policy incorrectly. The learned trial judge indicated that the issues in the instant case were the same as in the prior case.
The language interpreted in the previous litigation clearly limited the stock coverage to a particular portion of the mercantile complex by citing the street number as a portion of the description and by indicating the particular use to which the division of the complex was put. In addition, those policies were issued prior to December 14, 1959, the date that the insured, the Louisiana Rating and Fire Prevention Bureau, and the agent for the insurance company began treating the building itself as a single unit for insurance purposes.
The insurance policies issued on the building itself had been amended to indicate that single unit treatment, whereas the policies issued on the stock contained in that building had not been so amended, indicating a contrary intent.
In the instant case the policy sued upon was issued March 13, 1960, after the building came to be treated as a single unit for insurance purposes.
The store and office furniture, fixtures and equipment are described as being contained “ * * * in the above described building.” The language of Item 2 of the policy sued upon obviously refers to the building described in Item 1 of the policy. Item 1 is as follows:
“On stock of Auto Parts and accessories and appliances and such other merchandise not more hazardous, while contained in the two story, brick composition roof building occupied as Filling Station and Auto Parts and Warehouse and Grocery, situated 2130 S/S Weller Avenue (Rated 3910-46 Scenic Plighway) Baton Rouge, La., (252). Map sheet 203, Block 5.”
The address given, 2130 Weller Avenue, was the main entrance to the entire complex.
It appears that the language describing the building is sufficiently dissimilar in the Royal Insurance Company policy as compared to the language in the policy previously sued upon, to permit a contrary result. The building is described as a “filling station and artto parts and warehouse and grocery.” This certainly refers to the entire building as the grocery fronted on Scenic Highway and the warehouse on Powhattan Street. Therefore, the language in Item Two of the policy referring to the building described in Item One refers to the entire building, to the entire mercantile complex.
The store and office furniture, fixtures and equipment actually destroyed in the fire were located in the grocery section of the mercantile complex and the word grocery is included in the description of the building.
Defendant urges that there can be no coverage in this instance with reference to the store and office furniture, fixtures and equipment contained in the grocery for the reason that the building described in Item One of the policy is described as a two-story structure and that the grocery facing Scenic Highway is a one-story structure. It is obvious that this single building was in part two-story and in part one-story. Such a structure could certainly be referred to as a two-story building and this reference would encompass the entire structure and not just those portions thereof which were, in fact, two stories in height.
Furthermore, the fact that Item One of the policy specifically included the grocery would be sufficient to compel us to the conclusion we have reached.
Plaintiff is also, in this litigation, attempting to recover statutory penalties and' attorney fees on the ground that the refusal to pay under Item Two of the policy was arbitrary and capricious. We cannot agree with this contention as there was sufficient *180 doubt to justify the position taken by the insurer in view of the previous litigation growing out of this fire.
Accordingly, the judgment of the lower court is reversed and judgment is entered herein in favor of the plaintiff, Charles H. Hebert Co., Inc., and against the defendant, Royal Insurance Company, in the full sum of $2,000.00 plus legal interest from judicial demand and for all costs.
Reversed.